| | |
|---|---|
| | IN THE UNITED STATES DISTRICT COURT |
| | FOR THE DISTRICT OF ARIZONA |

| | | |
|---|---|---|
| Derek C. Watkins, | ) | No. CIV 09-1967-PHX-PGR (DKD) |
| Petitioner, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| Charles L. Ryan, et al., | ) | |
| Respondents. | ) | |

TO THE HONORABLE PAUL G. ROSENBLATT, U.S. DISTRICT JUDGE:

Derek C. Watkins filed a petition for writ of habeas corpus on September 14, 2009, challenging his convictions in Maricopa County Superior Court for three counts of armed robbery and one count of robbery, and the imposition of 13.75 years' imprisonment. In his sole ground for relief, he alleges his constitutional rights were violated denying him a fair trial and resulting in an illegal sentence. Respondents argue that the petition is untimely, procedurally defaulted, and without merit. The Court agrees that the petition is untimely, and that Watkins is not entitled to equitable tolling, and therefore recommends that the petition be denied and dismissed with prejudice.

On October 25, 2002, following the entry of a guilty plea, the trial court imposed sentence; Watkins signed a "Notice of Rights of Review after Conviction and Procedure" acknowledging the 90-day deadline in which to file a notice of post-conviction relief (Doc. #12, Exh G, H). On September 5, 2003, over ten months later, Watkins filed a notice of post-conviction relief, alleging that his failure to file a timely notice was "without fault on the

1 | defendant's part" (*Id.*, Exh I at 2-3). He explained his reasons for not raising the claim in a
2 | timely manner:

> January 2002 [sic] I mailed my notice of post-convi[c]tion relief to Michael K. Jeanes, Clerk of the Court Superior Court of Arizona. After waiting several months and not getting an answer from the Court I asked the paralegal what I should do she told me to resubmit this form explaining why I'm sending it again. So if it is late which I hope not, it is the mail system or maby [sic] it was misplaced please check.

(*Id.* at 3).

On September 25, 2003, the trial court dismissed Watkins' Notice of Post-Conviction, stating as follows:

> Defendant filed on September 15, 2003 a Notice of Post-Conviction Relief in this case where he was sentenced on October 25, 2002 following his plea of guilty. Defendant claims that he mailed a notice to the court in January 2003, but has heard nothing.
>
> A review of the file shows no previous filing of a Rule 32 notice. Defendant has not attached any documentation substantiating his claim. The court finds that defendant has not shown the failure to timely file the notice was without fault on his part, as required by Rule 32.1(f), Arizona Rules of Criminal Procedure.
>
> IT IS THEREFORE ORDERED dismissing defendant's Notice of Post-Conviction Relief, pursuant to Rule 32.2(b).

(*Id.*, Exh J).

Watkins did not seek review of the dismissal (*Id.*, Exh Q; Doc. #1 at 5). Eleven months later, on August 27, 2004, Watkins filed a second notice of post-conviction relief, arguing an involuntary plea and the trial court's imposition of an unconstitutional sentence under *Blakely* (*Id.*, Exh K). On September 22, 2004, the trial court dismissed the second notice, ruling it untimely and that Watkins was not entitled to relief under Rule 32.1(g) because *Blakely* did not apply retroactively to a conviction that was final (*Id.*, Exh L). On May 20, 2005, the trial court denied Watkins' motion for reconsideration (*Id.*, Exh M-O). Again, he did not seek appellate review of the trial court's ruling (*Id.*, Exh Q; Doc. #1 at 5). Over four years later, on September 14, 2009, Watkins filed his federal petition.

Watkins was required to file his federal petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Jimenez v. Quarterman*, 129 S.Ct. 681, 685 (2009). However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *See* 28 U.S.C. § 2244(d)(2). Watkins' conviction became final on January 23, 2003, when the deadline expired for filing a timely notice of post-conviction relief under Rule 32.4(a) of the Arizona Rules of Criminal Procedure. Absent any statutory tolling, he was required to file his federal petition on or before January 23, 2004.

The Court agrees with Respondents that Watkins' petition, filed September 14, 2009, is untimely under any calculation of possible statutory tolling, having been filed *at least* four years after the expiration of the one-year limitations period. Even assuming that Watkins could claim tolling for the time period from January 23, 2003 through October 27, 2003, at the very least the clock began to run on January 24, 2004, was tolled ten months later upon his filing of his second notice on August 27, 2004, and the tolling was concluded no later than June 22, 2005. Even giving Watkins the benefit of the doubt that he had in fact filed a timely notice following his sentencing, he would still have been required to file his petition no later than August 2005. Instead, he waited over four years from that last possible date to file his petition. It is, therefore, untimely.

Assuming that equitable tolling is available, *see Bowles v. Russell*, 551 U.S. 205, 209-15 (2007), Watkins has not shown that he pursued his rights diligently and that an extraordinary circumstance prevented him from timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Watkins has elected not to reply to the Respondents' answer. Because of this, he necessarily does not explain the 10-month gap between the two post-conviction proceedings, not to mention the four-year gap between the conclusion of post-conviction proceedings in state court and his filing of the federal petition.

**IT IS THEREFORE RECOMMENDED** that Derek C. Watkins' petition for writ of habeas corpus be **denied and dismissed with prejudice** (Doc. #1).

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 23rd day of March, 2010.

_____
David K. Duncan
United States Magistrate Judge

- 4 -